UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
Case No. 4:20-cv-232

SUNTECK TRANSPORT COMPANY, LLC,

      Plaintiff,

v.

MARTIN EXPRESS LLC,

      Defendant.

## COMPLAINT

Plaintiff Sunteck Transport Company, LLC, for its Complaint against Defendant Martin Express LLC, alleges as follows:

## PARTIES

1. At and during the times herein mentioned, Plaintiff Sunteck Transport Company, LLC ("Plaintiff" or "Sunteck") is and was a limited liability company offering transportation and logistics management services, duly formed under the laws of the state of Florida, with a principal place of business in Jacksonville, Florida.

2. At and during the times herein mentioned, Defendant Martin Express, LLC ("Defendant") is and was a limited liability company and licensed motor carrier organized under the laws of the state of North Carolina, with a principal place of business in Sanford, North Carolina.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court over the subject matter of this action is predicated on 49 U.S.C. § 14706, commonly referred to as the Carmack Amendment; on 28 U.S.C. § 1337(a) as

it relates to the Carmack claim; and over related claim(s) forming part of the same case or controversy under 28 U.S.C. § 1367(a). Jurisdiction is proper because the amount in controversy, exclusive of interest and costs, exceeds $10,000, the federal jurisdictional minimum applicable to Carmack claims, as stated in 28 U.S.C. § 1337(a).

4. Venue is proper in this Court pursuant to 49 U.S.C. § 14706 and 28 U.S.C. § 1391(b) because Defendant Martin Express LLC, the delivering carrier, regularly conducts business from its home office located in Sanford, North Carolina, which is within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## FACTUAL ALLEGATIONS

5. On or about October 31, 2017, Plaintiff and Defendant entered into a "Broker / Motor Carrier Agreement" (the "Contract") whereby Defendant, as "Carrier," agreed to perform certain transportation services for Plaintiff Sunteck pursuant to Sunteck's role in arranging transportation of property for Sunteck's customers. A copy of the Contract is attached hereto as Exhibit A.

6. Pursuant to the Parties' Contract, Defendant picked up a full trailer load cargo consisting of 500 cases of palletized fresh chicken on or about July 21, 2020, from "Farm Fresh," a shipper located in Guntersville, Alabama (the "Cargo"), for delivery on behalf of Sunteck's customer and consignee Reinhart Foodservice in Harahan, Louisiana. Loading instructions for the Cargo stated that the Cargo consisted of "fresh chicken" and that a corresponding temperature of "26 to 28" degrees Fahrenheit must be maintained through continuous mode cooling.

7. During the transportation of the Cargo on or about July 22, 2020, the trailer of Defendant's truck caught fire while the Cargo was in Defendant's exclusive care, custody, and control. All of the Cargo was completely destroyed by the fire.

8. On or about August 27, 2020, Sunteck presented a timely demand to Defendant, seeking indemnification for the subject loss in the amount of $42,400.00 (consisting of its $42,400.00 invoice value), but the claim was not paid. In subsequent correspondence dated November 20, 2020, Sunteck once again sought reimbursement from Defendant for the $42,400.00 loss amount to resolve the claim. Sunteck did not receive a response to either of its demands and, to date, the total amount of the claim remains outstanding.

## **CLAIMS FOR RELIEF**

### **Count One – Carrier Liability Pursuant to Carmack (49 U.S.C. § 14706)**

9. Sunteck refers to and incorporates the allegations stated in Paragraphs 1 through 8 as though fully set forth herein.

10. This is an action for recovery of damages under 49 U.S.C. § 14706, for loss and damage to Cargo, which Cargo was transported by Defendant in its capacity as a motor carrier during interstate commerce.

11. On or about July 21, 2020, Defendant picked up the Cargo in good condition, and properly prepared for shipment from Guntersville, Alabama. The Cargo was to be delivered to Reinhart Foodservice in Harahan, Louisiana, as reflected in the shipping documents.

12. On or about July 22, 2020, during the transportation of the Cargo, the trailer of Defendant's truck caught fire. All of the Cargo was completely destroyed by the fire.

13. By virtue of Defendant's failure to make delivery of the shipment in good and usable condition, Sunteck was compelled to pay, and did pay, its customer the sum of $42,400.00 in order to compensate its customer for the subject loss.

14. Due to the loss of and/or damage to the subject Cargo, Sunteck has been damaged in the amount of $42,400.00, which sum represents the amount paid to compensate its customer for the loss.

15. As a result of the above-described events, Sunteck has been damaged in an amount exceeding the jurisdictional limits of this Court and in an amount to be proven at trial, but at least the $42,400.00 invoice value of the Cargo, the costs and expenses of litigating these issues after Defendant failed to respond to Sunteck's demands, and accrued and accruing interest.

### Count Two – Breach of Contract

16. Sunteck refers to and incorporates the allegations stated in Paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff and Defendant entered into the Contract, which was lawfully formed on October 31, 2017, and was in place at the time of the subject loss at issue in this dispute.

18. The Contract provides that Defendant, as Carrier, "shall become liable for the full actual value of the freight when it takes and receives possession thereof, and the trailer(s) is loaded, regardless of whether a bill of lading has been issued, and/or signed, and/or delivered to CARRIER, and which responsibility and liability shall continue until delivery of the shipment to the consignee and the consignee signs the bill of lading or delivery receipt." Contract, *Cargo Claims* ¶ 8(a).

19. The Contract further provides that Defendant's liability "shall be for the full actual value of the damaged, lost, stolen, or delayed freight in conjunction with the provisions herein." Contract, *Cargo Claims* ¶ 8(c).

20. The Contract provides that "CARRIER'S obligation to indemnify BROKER and the parties entitled to recover under the bill of lading for freight loss and damage claims shall

include legal fees, which shall constitute special damages, the risk of which is expressly assumed by CARRIER, and which shall not be limited by any liability of CARRIER under this Agreement." Contract, *Cargo Claims* ¶ 8(g).

21. By destroying/damaging the Cargo in the process of transporting it to Sunteck's customer, Defendant became liable to Sunteck for the Cargo's full value, and was obligated to indemnify Sunteck for the full amount of the loss, as set forth in ¶¶ 8(a), (c), and (g) of the Contract.

22. By failing to indemnify Sunteck for the full value of the Cargo, or any of it, after being presented with timely demand(s), Defendant breached the Contract.

23. From the inception of the Contract and continuing to the present day, Sunteck has performed all of its obligations under the Contract, other than any obligations for which further performance by Sunteck has been excused.

24. Defendant's failure and refusal to indemnify Sunteck for the full value of the Cargo, or any of it, is unjustified and unexcused.

25. As a result of Defendant's breach(es), Sunteck has been damaged in an amount exceeding the jurisdictional limits of this Court and in an amount to be proven at trial, but at least the $42,400.00 invoice value of the Cargo, costs and expenses—including reasonable attorney's fees as specified in the Contract—and accrued and accruing interest from the date of Sunteck's initial indemnification demand.

## **PRAYER FOR DAMAGES**

WHEREFORE, Plaintiff Sunteck prays for judgment against Defendant Martin Express LLC as follows:

1. For general damages in the amount of $42,400.00, plus miscellaneous expenses;

2. For pre-judgment interest at the rate of 8% *per annum*, from August 27, 2020, the date of its initial demand;

3. For post-judgment interest pursuant to statute, until the judgment has been fully satisfied;

4. For costs of suit herein;

5. For reasonable attorney's fees pursuant to the Contract; and,

6. For such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff Sunteck demands a trial by jury on all claims, defenses, and issues so triable in the entire case.

Respectfully submitted, this the 15th day of December, 2020.

        ELLIS & WINTERS LLP

        /s/ Scottie Forbes Lee
        Scottie Forbes Lee
        N.C. State Bar No. 50833
        Post Office Box 2752
        Greensboro, NC 27402
        Telephone: (336) 217-4085
        Facsimile: (336) 217-4198
        scottie.lee@elliswinters.com

        Attorney for Plaintiff Sunteck Transport Company, LLC